1999 ND 90

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Scott Thomas MUND, Defendant and Appellant.**

No. 980295.

Supreme Court of North Dakota.

May 19, 1999.

Lyle R. Bopp, State's Attorney, Forman, N.D., for plaintiff and appellee; submitted on brief.

Brian W. Nelson of Nelson Law Office, Fargo, N.D., for defendant and appellant; submitted on brief.

NEUMANN, Justice.

[¶ 1] Scott Thomas Mund entered a conditional guilty plea to driving under the influence and was sentenced under Rule 11(a)(2), N.D.R.Crim.P. Mund appeals from the conviction entered on August 19, 1998.

I

[¶ 2.] In March 1998, Mund was charged with driving under the influence (DUI). Mund had previously, without counsel, pleaded guilty to DUI in August 1997. Mund moved to certify the 1998 offense as a first offense and to withdraw his guilty plea from the prior 1997 DUI conviction. On June 24, 1998, a hearing on the motion was held. At the hearing, portions of an audio tape from the August 1997 court proceeding were played. The trial court denied Mund's motion, finding the court had complied with Rule 11, N.D.R.Crim.P., during the August 1997 proceeding. Mund entered a conditional plea of guilty to the charge and appealed, arguing his guilty plea in the August 1997 DUI conviction should be withdrawn or suppressed. Specifically, Mund argues the trial court did not follow the requirements of Rule 11(b), N.D.R.Crim.P., in the 1997 criminal proceeding; there was not a sufficient factual basis made for the uncounseled 1997 guilty plea under Rule 11(e), N.D.R.Crim.P.; and the trial court did not comply with Rule 11(c), N.D.R.Crim.P., by failing to inform him of the direct consequences of his uncounseled 1997 guilty plea because he was not told his conviction could be used as enhancement in subsequent criminal proceedings.

[¶ 3] The State asserts Mund should have raised the issues relating to the 1997 guilty plea under N.D.C.C. ch. 29–32.1, the Uniform Post–Conviction Procedure Act, or at the time of that conviction. In effect, the State contends Mund's arguments relating to the 1997 conviction are an improper collateral attack on his prior guilty plea, which is being used as penalty enhancement in the current criminal proceeding.

II

[¶ 4] Mund is unable to prevail in his Rule 11, N.D.R.Crim.P., arguments because they are impermissible collateral attacks on the prior 1997 guilty plea.[1]

---

1. In *State v. Berger*, 590 N.W.2d 884, 1999 ND 46, we recently applied our prior cases of *State v.* *Pitman*, 427 N.W.2d 337 (N.D.1988), and *State v.*

[¶ 5] In *State v. Orr*, 375 N.W.2d 171, 178–79 (N.D.1985), we held absent a valid waiver of a defendant's right to counsel in the prior proceeding, the prior guilty plea could not be used as penalty enhancement for a subsequent offense. We agreed with the United States Supreme Court that "the denial of the right to counsel impeaches 'the very integrity of the fact-finding process.'" *Id.* at 178 (quoting *Linkletter v. Walker*, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965)). Guided by federal precedents such as *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), we held an uncounseled conviction is too unreliable to sanction imprisonment, and that allowing a defendant's punishment to be enhanced to include imprisonment solely because of a prior uncounseled conviction violated Article I, § 12 of the North Dakota Constitution. *Orr*, at 178. Clearly, *Orr* demonstrates a strong concern for the right to counsel under N.D. Const. art. I, § 12, by requiring a valid waiver of right to counsel before an uncounseled guilty plea can be used as enhancement. *Id.* at 178–79.

[¶ 6] The United States Supreme Court has since addressed collateral attacks on guilty pleas and convictions when they are used as enhancement in subsequent convictions. In *Custis v. United States*, 511 U.S. 485, 488, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the defendant was convicted of possession of a firearm by a felon, as well as another federal crime. The government relied on his prior state court convictions for robbery, burglary, and attempted burglary to enhance the sentence under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1) (ACCA). *Id.* The defendant challenged the government's use of two prior convictions, arguing his guilty plea to one of the charges was not knowingly and intelligently made, and arguing he had ineffective assistance of counsel in the other conviction. *Id.*

[¶ 7] The Supreme Court first held section 924(e) of the ACCA did not give defendants the right to collaterally attack prior convictions that were being used for enhancement purposes in a subsequent criminal proceeding. *Id.* at 493, 114 S.Ct. 1732. The Supreme Court also held the United States Constitution did not require that such collateral attacks be permitted, unless the collateral attack was based on failure to appoint counsel. *Id.* at 496, 114 S.Ct. 1732.

[¶ 8] *Custis* is helpful in defining the limits of collateral attack on prior convictions that are being used as penalty enhancement in a subsequent criminal proceeding. The United States Supreme Court places a priority on the right to counsel, similar to the protections our state Constitution provides. In reaching its decision in *Custis*, the Supreme Court pointed to *Burgett* and *Tucker* as cases indicating a theme that failure to appoint counsel was a unique constitutional defect. *Id.* at 496, 114 S.Ct. 1732. *Burgett* and *Tucker* are the same cases that guided our decision in *State v. Orr*, 375 N.W.2d 171 (N.D.1985).

[¶ 9] In analyzing Custis's argument, the Supreme Court found a historical basis for treating the right to counsel as unique, noting its "oft stated view that 'the right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.'" *Id.* at 494–95, 114 S.Ct. 1732 (quoting *Powell v. Alabama*, 287 U.S. 45, 68–69, 53 S.Ct. 55, 77 L.Ed. 158 (1932)). The Supreme Court found none of Custis's alleged constitutional violations rose to the level of a failure to appoint counsel, and declined to extend the right of collateral attack on prior convictions beyond those cases in which a denial of counsel was alleged. *Id.* at 496, 114 S.Ct. 1732.

■ [¶ 10] We hold that when prior guilty pleas are offered for enhancement purposes in subsequent criminal proceedings, collateral attacks on such prior guilty pleas are limited to the inquiry *Orr* requires to determine a

---

*Haverluk*, 432 N.W.2d 871 (N.D.1988), holding the evidentiary burden is on a defendant who attacks the legitimacy of a prior conviction's use for enhancement purposes on grounds other than lack of counsel. The question of Berger's right to make such a collateral attack on a prior conviction on a ground other than denial of right to counsel was not raised or briefed, and therefore was not addressed in that opinion.

valid waiver of the right to counsel. This is in agreement with the requirements of the United States Constitution, and North Dakota's strong independent notion of right to counsel under the North Dakota Constitution is in no way eroded by our holding today.

[¶ 11] In this case, Mund stipulated during the motion to suppress that he had signed the waiver of attorney form when he pleaded guilty in the August 1997 proceeding. Mund has not provided any reason why his waiver of right to counsel was deficient. The *Orr* inquiry regarding a valid waiver of defendant's right to counsel is therefore satisfied, and we hold Mund's prior uncounseled guilty plea can be used as enhancement for the subsequent DUI offense.

### III

[¶ 12] We affirm the trial court's decision not to suppress the prior guilty plea for the reasons stated above.

[¶ 13] VANDE WALLE, C.J., MARING, KAPSNER and SANDSTROM, JJ., concur.

