MANSFIELD, Justice
(concurring specially).
I too would vacate Young’s enhanced sentence, but I cannot join the court’s opinion. Following a lengthy discussion, the court concludes as a matter of Iowa constitutional law that “an accused in a misdemeanor criminal prosecution who faces the possibility of imprisonment under the applicable criminal statute has a right to counsel.” This discussion and conclusion are unnecessary. The Iowa Rules of Criminal Procedure already grant such a right. Rule 2.61(2) provides, “In cases where the defendant faces the possibility of imprisonment, the court shall appoint counsel for an indigent defendant....” Iowa R.Crim. P. 2.61(2). Why are we not deciding this case based on the text of the rule?
Rule 2.61(2) is the defendant’s first line of argument. Young devoted four and a half pages to this argument, making it her initial brief point. She also wrote, “This Court will avoid unnecessary constitutional *282 questions by addressing those issues that are not of a constitutional nature first.” I believe Young’s statement is correct.
Time and again, in recent years, wé have proclaimed our adherence to the doctrine of constitutional avoidance. See Hawkeye Land Co. v. Iowa Utils. Bd., 847 N.W.2d 199, 219 (Iowa 2014); State v. Iowa Dist. Ct., 843 N.W.2d 76, 85 (Iowa 2014); Mall Real Estate, L.L.C. v. City of Hamburg, 818 N.W.2d 190, 200 (Iowa 2012); L.F. Noll Inc. v. Eviglo, 816 N.W.2d 391, 398 (Iowa 2012); Simmons v. State Pub. Defender, 791 N.W.2d 69, 73-74 (Iowa 2010).
But the principle is hardly a new one. See Hines v. III. Cent. Gulf R.R., 330 N.W.2d 284, 286 (Iowa 1983) (“As previously indicated, we do not reach the merits of these constitutional claims. Wé consider constitutional issues on appeal only when another question is not decisive.”); Cmty. Lutheran Sch. v. Iowa Dep’t of Job Serv., 326 N.W.2d 286, 291-92 (Iowa 1982) (“We avoid constitutional issues except when necessary for disposition of a controversy.”); Ehlinger v. Mardorf 285 N.W.2d 27, 28 (Iowa 1979) (“Although plaintiff asserts the trial court erred on both statutory and constitutional grounds, we consider only the statutory ground because we find it is determinative of the case. We have long held we will not consider a constitutional question on appeal when another question is decisive.”). One of our decisions makes this point rather elegantly:
However, we are constrained by our principles of self-restraint, including the longstanding rule that we will not decide constitutional questions when a case can be resolved on other grounds. See, e.g., Dubuque & D.R. Co. v. Diehl, 64 Iowa 635, 640, 21 N.W. 117, 120 (1884) (‘We will not decide a constitutional question, unless it be necessarily involved in the case, which cannot be disposed of without the decision of such question. If the record shows other questions which are decisive of the case, they alone will be considered. Courts are slow in approaching, and hesitate to decide, constitutional questions.”)[, overruled on other grounds by Vandewater v. Chi, Rock Island & Pac. Ry., 170 Iowa 687, 695, 153 N.W. 190, 194 (1915) ]; accord State v. Button, 622 N.W.2d 480, 485 (Iowa 2001); State v. Quintero, 480 N.W.2d 50, 51 (Iowa 1992). Such judicial restraint is an essential component of our system of federalism and separation of powers. See generally 16 Am. Jur. 2d Constitutional Law §§ 115-128 (1998); Lisa A. Kloppenberg, Avoiding Constitutional Questions, 35 B.C. L. Rev. 1003 (1994). Moreover, we recognize the law to be an evolving process that often makes the resolution of legal questions a composite of several cases, from which appellate courts can gain a better view of the puzzle before arranging all the pieces. The wisdom of this process has been revealed time and again, and we continue to subscribe to it today.
State v. Williams, 695 N.W.2d 23, 30 (Iowa 2005).
I fail to understand why we are ignoring that doctrine here and reaching out to decide a state constitutional question unnecessarily. The majority contends that prior deprivation of the right to counsel contrary to a rule cannot serve as the ground for attacking an enhancement. There are several problems with the majority’s position.
In the first place, the State has not made this argument. The State’s only response to Young’s rule 2.61(2) argument has been to disagree with Young’s interpretation of the rule. The State does not maintain that a prior violation of the right to counsel afforded by rule 2.61(2) is an insufficient basis for challenging an enhancement. Thus, the majority is making *283 its own argument for the State (although one I doubt the State wants made).
Second, the cases cited by the majority do not support its position. They do not address whether denial of the right to counsel in violation of a rule can serve as the basis for an attack on a later enhancement — the issue presented here. Rather, they address whether the enhancement can be attacked based on violations other than denial of the right to counsel. See, e.g., State v. Johnson, 38 A.3d 1270, 1272, 1276 (Me.2012) (refusing to invalidate enhancement based on earlier allegedly faulty guilty plea colloquy where the defendant had been represented).
In fact, the only out-of-state decisions that are on point go the other way. See State v. Hrycak, 184 N.J. 351, 877 A.2d 1209, 1218 (2005); Brisson v. State, 955 P.2d 888, 891-92 (Wyo.1998). In Hrycak, the New Jersey Supreme Court decided that it would invalidate enhancements based on prior uncounseled misdemeanor convictions under principles of “the sound administration of justice” and “our [the New Jersey] Court Rules.” See Hrycak, 877 A.2d at 1214-16 (internal quotation marks omitted). The plain language of our rule 2.61(2) supports the same approach here.
Likewise, in Brisson, the Wyoming Supreme Court held that an uncounseled conviction in violation of a Wyoming statute could not serve as the basis for a later enhancement. See Brisson, 955 P.2d at 891. Thus, Brisson — like Hrycak — follows an approach similar to the one I would follow here..
Third, the majority’s invocation of judicial restraint is curious — and just plain backwards. The majority maintains it would go too “far” to remedy a rule-based denial of counsel, so the court is “required to proceed” under the' Iowa Constitution. This inverts traditional notions of judicial restraint. Suppose we adopted Young’s primary argument based on the plain language of rule 2.61(2). Then the legislature could potentially modify or reverse our ruling if it disagreed with it. But because the majority has decided to fly solo under the Iowa Constitution, and overrule our 2005 precedent without the benefit of meaningful adversarial briefing, the legislature is stuck with our ruling absent a constitutional amendment (or a change of heart from this court).
Another very good reason to exercise restraint here is that Young has provided only a minimal, bare-bones state constitutional argument. The gist of Young’s position is that we should interpret the Iowa Constitution “more stringently.” I quote her' article I, section 10 argument in its entirety:
More stringent analysis under the Iowa Constitution. “Even where a party has not advanced a different standard for interpreting a state constitutional provision,” our Supreme Court “may apply the [federal] standard more stringently than federal case law.” State v. Pals, 805 N.W.2d 767, 771-72 (Iowa 2011). See also State v. Bruegger, 773 N.W.2d 862, 883 (Iowa 2009). Our Supreme Court has previously rejected the argument that the Iowa Constitution should be interpreted more stringently than the federal constitution .in the right-to-counsel context. State v. Allen, 690 N.W.2d 684, 690 (Iowa 2005).
Since the Allen decision, our supreme court has applied a more stringent analysis in the context of search and seizure and cruel and unusual punishment. See e.g., State v. Baldon, 829 N.W.2d 785, 791 (Iowa 2013) (noting that the federal constitution “makes for an admirable floor, but it is certainly not a ceiling”); State v. Oliver, 812 N.W.2d 636, 650 (Iowa 2012) (reiterating that Iowa courts *284 utilized a more stringent review than federal courts in the context of cruel and unusual punishment); State v. Ochoa, 792 N.W.2d 260, 291 (Iowa 2010) (rejecting the federal approach to warrantless searches of parolees). The court should consider doing the same under the right-to-counsel analysis.
Arguing that we can interpret the Iowa Constitution differently is not the same as presenting an independent constitutional argument. While today’s opinion displays considerable workmanship, it would not be fair to characterize it as the outcome of an adversarial litigation process.
Even if we have to reach the constitutional issue, which we do not, then I wonder why we are overruling State v. Allen, 690 N.W.2d 684 (Iowa 2005). We decided Allen unanimously less than a decade ago. There we discussed (albeit in a shorter opinion) a number of the same federal and out-of-state precedents the court discusses today. Id. at 687-88, 690-91. We also relied on several state constitutional precedents the court does not mention today. Id. at 690; see People v. Reichenbach, 459 Mich. 109, 587 N.W.2d 1, 4-7 (1998) (finding no right to counsel for misdemeanor defendants under the Michigan Constitution absent actual imprisonment); State v. Woodruff, 124 N.M. 388, 951 P.2d 605, 616 (1997) (finding no right to counsel for misdemeanor defendants under the New Mexico Constitution absent actual imprisonment). Reading Allen today, I think that ten-year-old decision stands the test of time.
My colleagues’ rhetoric about Allen is harsh: “Remarkably, we did not cite,” “mimicked,” “apparently not familiar,” “contains no discussion at all,” “fundamentally flawed.” This harshness in describing a unanimous decision of this court is unwarranted. I believe this court in 2005 understood how the criminal justice system operates in the real world.[2]
The majority also asserts that “the Allen court did not have the benefit of the Florida case declining to follow Nichols.” See State v. Kelly, 999 So.2d 1029, 1048-49 (Fla.2008). Interested readers can peruse Kelly for themselves and decide whether it is a game-changer. I think not. Kelly was decided under the Florida Constitution, whose right to counsel guarantee is framed somewhat differently than the right to counsel in the Sixth Amendment or article I, section 10 of the Iowa Constitution. See id. at 1050. Regardless, the reliability consideration that propelled the Florida Supreme Court’s Kelly decision is one we expressly considered, and rejected, in Allen. See Allen, 690 N.W.2d at 691-92.[3]
*285 Finally, let me address one other matter. We have previously held the right to counsel can be waived in a written plea that includes a waiver of counsel. See State v. Majeres, 722 N.W.2d 179, 182-88 (Iowa 2006). That did not *occur here. Nothing the court has said today, affects the Majeres holding.
For the reasons indicated, I would vacate Young’s enhancement because the pri- or uncounseled misdemeanor conviction did not comply with rule 2.61(2) and Young did not waive the rule’s requirements.
WATERMAN and ZAGER, JJ., join this special concurrence.

. The majority also maintains that the Allen court erred in observing that the Sixth Amendment and article I, section 10 are "textually similar.” See Allen, 690 N.W.2d at 690. In fact; they are. Both provisions apply to "all criminal prosecutions.” Compare Iowa Const. art. I, § 10, with U.S. Const. amend. VI. Article I, section 6 also covers another category of cases, namely, "cases involving the life, or liberty of an individual.” Iowa Const. art. I, § 10. As noted by the majority, the contemporary debates indicate this provision was meant to protect persons claimed to be subject to return as fugitive slaves. See 2 The Debates of the Constitutional Convention of the State of Iowa 736-41 (W. Blair Lord rep., 1857), available at www.statelib raiyofiowa.org/services/collections/law-library /iaconst.

. In addition, the majority mentions Hawaii and North Dakota constitutional precedent that preceded Allen. See State v. Sinagoga, 81 Hawai’i 421, 918 P.2d 228, 242 (Ct.App. 1996), overruled in part on other grounds by State v. Veikoso, 102 Hawai'i 219, 74 P.3d 575, 582 n. 8 (2003); State v. Orr, 375 N.W.2d 171, 177-79 (N.D.1985). However, Hawaii’s Constitution expressly provides, "The State shall provide counsel for an indigent defendant charged with an offense punishable by imprisonment.” Hawaii Const. art. I, § 14 *285 (emphasis added). Therefore, Sinagoga is hardly a relevant precedent here. As the North Dakota Supreme Court noted in Otr, the wording of North Dakota’s constitution also differs from that of the Sixth Amendment. See 375 N.W.2d at 177. Regardless, Allen’s observation remains true that "[a] strong majority of the states that have analyzed uncounseled misdemeanor convictions under their state constitutional rights to counsel and due process have declined to forge new and different ground.” 690 N.W.2d at 690.