**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Carlos M. ZENO, Defendant and Appellant.**

Cr. No. 920111.

Supreme Court of North Dakota.

Nov. 5, 1992.

Robert P. Bennett, Asst. Atty. Gen., Bismarck, for plaintiff and appellee.

Carlos Marcell Zeno, pro se.

JOHNSON, Justice.

Carlos M. Zeno appealed from a district court[1] memorandum opinion of April 6, 1992, denying Zeno's petition for post-conviction relief. We will treat the appeal as one from the judgment entered on April 13, 1992. We affirm the judgment.

1. Honorable Wallace D. Berning.

While Dennis Harris, a Minot cab driver, was transporting Zeno to Zeno's apartment on January 30, 1991, Zeno "stated that he was on a 'mission' to kill someone and that if Harris went to the police Zeno would kill him, too." *State v. Zeno*, 490 N.W.2d 707, 707 (N.D.1992). While waiting for Zeno to return to the cab, "Harris heard the sound of a firearm being discharged in the apartment building." *Id.*, at 707. Zeno returned to the cab with a dufflebag, which he unzipped "and displayed to Harris the butt end of a sawed-off shotgun ... pointed toward Harris." *Id.*, at 707. When Zeno again left the cab, "Harris drove away and went to the Minot Police Department." *Id.*, at 707. Zeno was arrested, charged with terrorizing, and bound over for trial. The district court[2] ordered dismissal of the information. The State appealed. We reversed and remanded the matter for trial. *Id.*

While Zeno was in jail in connection with the terrorizing charge, a complaint was issued charging him with theft in violation of §§ 12.1–23–02, 12.1–23–03, and 12.1–23–05(6), N.D.C.C. The complaint was supported by an affidavit asserting that the Ward County State's Attorney's Office had received 56 checks totaling $1,367.57, issued by Zeno between January 8, 1991, and January 29, 1991, which had been returned by Norwest Bank, Minot, North Dakota, marked "Insufficient Funds."

The information charging Zeno with theft was filed with the district court on April 15, 1991. It alleged that Zeno knowingly obtained the property of another by deception or intentionally obtained services by deception by issuing checks to various merchants on an account with a Minot bank when he did not have either "sufficient funds in or credit with said bank" or the "ability or the intention to make the checks so issued good."

After several writs, motions, briefs, affidavits, and letters were filed and changes were made in the attorneys appointed to represent Zeno, an amended information was filed on September 10, 1991, and Zeno pleaded guilty to theft pursuant to a plea agreement. Zeno was given a suspended imposition of judgment and sentence and placed on probation for five years.

On September 27, 1991, Zeno's probation officer filed a petition to revoke Zeno's probation for allegedly "writing nine (9) Account Closed Checks in the amount of $335.00." On October 1, 1991, Zeno's probation officer filed a supplemental petition for revocation of Zeno's probation, alleging that Zeno had violated the conditions of his probation by "writing nine (9) account closed or Non–Sufficient Funds Checks" for $335.00 and by being convicted of simple assault. At a hearing on October 2, 1991, Zeno admitted the allegations in the supplemental petition and his probation was revoked on October 4, 1991. Zeno was then sentenced to imprisonment for three years, with credit for 216 days served, and with one year suspended for a period of three years.

On October 15, Zeno filed an application for post-conviction relief pursuant to Ch. 29–32.1, N.D.C.C., seeking permission to withdraw his guilty plea. In a memorandum opinion filed on April 6, 1992, denying Zeno's petition for post-conviction relief, the district court made the following findings of fact:

"3. On October 4, 1991, the Defendant was sentenced to a term in the North Dakota State Penitentiary based upon a revocation of probation caused by Defendant's issuance of no account checks subsequent to his release from custody. The Defendant was neither illegally arrested nor illegally detained. The prosecution and imprisonment of the Defendant was not a prosecution or imprisonment for debt in violation of state or federal constitutions.

"4. The Defendant was not a victim of selective or discriminatory enforcement.

"\*    \*    \*    \*    \*    \*

"6. There existed a factual basis to support the Defendant's plea of guilty of September 10, 1991.

2. Honorable Jon R. Kerian.

"7. The Defendant's representation by Attorney Steven Farhart and other counsel was competent and professional.

"8. The Defendant, at the time of his plea of guilty, informed the Court that he understood the theft charge, discussed his plea of guilty with his counsel, that he was satisfied with his representation and that his plea was freely and voluntarily made with no threats or promises other than set forth in the plea agreement."

In denying the petition, the court concluded that Zeno was not prejudiced by amendment of the information, that the trial court complied with Rule 11(e), N.D.R.Crim.P., and that Zeno failed to meet his burden of establishing valid claims for relief.

Zeno appealed, asserting that: (1) the trial court erred in requiring him to plead to the initial information charging him with theft; (2) he received ineffective assistance of counsel; (3) the state's attorney's alleged administrative practice of encouraging merchants to send notices demanding payment to issuers of non-sufficient funds checks unconstitutionally creates an agency relationship between state's attorneys and merchants; and (4) the merchants' policy of sending notices demanding payment to issuers of NSF checks or face prosecution creates an unconstitutional classification based on wealth.

■ "The burden of establishing a basis for post-conviction relief rests upon the petitioning defendant." *State v. Kunkel*, 366 N.W.2d 799, 803 (N.D.1985). An application for post-conviction relief to withdraw a guilty plea "is generally treated as a Rule 32(d), N.D.R.Crim.P., motion." *Houle v. State*, 482 N.W.2d 24, 25 (N.D.1992). Withdrawal of a guilty plea is allowed when necessary to correct a manifest injustice. Rule 32(d), N.D.R.Crim.P.; *Houle v. State*, *supra*. The determination of whether or not there has been a manifest injustice supporting withdrawal of a guilty plea lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion. *Houle v. State*, *su-*

*pra; State v. Werre*, 325 N.W.2d 172 (N.D. 1982). In reviewing denial of post-conviction relief to determine if the trial court abused its discretion, "we may be required to review the trial court's preliminary findings of fact," which, because proceedings under Ch. 29–32.1, N.D.C.C., "are essentially civil in nature ... will not be disturbed unless clearly erroneous pursuant to Rule 52(a), N.D.R.Civ.P." *Houle v. State*, *supra*, 482 N.W.2d at 25–26.

■ Zeno contends that the trial court erred in requiring him to plead to the initial theft information and in entering a not guilty plea. Under Rule 10, N.D.R.Crim. P., a defendant is to plead to the information at the arraignment. Rule 11(a)(1), N.D.R.Crim.P., requires a court to enter a plea of not guilty if a defendant refuses to plead. The trial court's entry of a plea of not guilty was proper.

■ Zeno attempts to link the theft charge to the terrorizing charge (the dismissal of which was reversed in *State v. Zeno, supra*) or the alleged unlawful arrest for discharging a firearm. He contends that all of the State's evidence of theft was the product of an illegal search based upon his unlawful arrest for terrorizing or discharging a firearm, and contends that there was no admissible evidence of theft.

We need not consider whether Zeno's property was illegally searched under an unlawful arrest. Even if there was police misconduct with respect to Zeno's arrest and the search of his property, there is independent evidence of theft untainted by police misconduct.[3] "[E]vidence discovered or discoverable wholly apart from unlawful official conduct is admissible in a criminal prosecution." *State v. Thordarson*, 440 N.W.2d 510, 513 (N.D.1989). "Evidence of a crime, sufficiently distinguishable from and independent of the taint of official misconduct, is not suppressed. An independent crime is not shielded by the rule of exclusion." *State v. Ritter*, 472 N.W.2d 444, 450 (N.D.1991).

---

**3.** We do not mean to imply that any police conduct in this case was improper.

Michael Knoop of the Minot Police Department testified that the Ward County State's Attorney's Office had received from various merchants unpaid checks issued by Zeno. Officer Knoop presented a document listing 108 NSF checks issued by Zeno between January 8, 1991, and January 29, 1991, in the total amount of $2,723.54. This was independent evidence of the crime of theft unrelated to any allegedly unlawful arrest and search.

■ Zeno contends that two of the attorneys appointed to represent him rendered ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel "must establish two elements: that counsel's performance was deficient, and that the deficient performance prejudiced the defense." *State v. Kunkel*, 366 N.W.2d 799, 801 (N.D.1985). "Under the *Strickland* standard, a 'defendant must show that counsel's representation fell below an objective standard of reasonableness' *and* that the defendant was prejudiced by such ineffective representation, that is 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Houle v. State*, 482 N.W.2d 24, 26 (N.D.1992), quoting *Strickland v. Washington, supra*, 466 U.S. at 688 and 694, 104 S.Ct. at 2064 and 2068, 80 L.Ed.2d at 693 and 698. In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

Zeno has asserted that counsels' failure to object to an exhibit at his arraignment on the theft charge and their failure to "RAISE THE ISSUE ON THE OUTRAGEOUS, REPREHENSIBLE GOVERNMENTAL MISCONDUCT" constituted ineffective assistance of counsel. Zeno has not demonstrated that the exhibit in question (the list of NSF checks referred to earlier) was subject to objection and has not drawn our attention to evidence from which we can fairly conclude that counsels' performance was in any way deficient. Zeno's conclusory allegations about deficient performance by his attorneys "do not constitute a showing sufficient to overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *State v. Kunkel, supra*, 366 N.W.2d at 802, quoting *Strickland v. Washington, supra*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

Zeno asserts that the state's attorney has adopted an administrative practice of encouraging merchants to send notices demanding payment to issuers of NSF checks that unconstitutionally creates an agency relationship between the state's attorney and merchants. Zeno's argument is unsupported by persuasive reasoning or legal authorities.

■ Zeno contends that merchants' policy of sending notices to issuers of NSF checks demanding that the issuer make payment or face prosecution creates an unconstitutional classification based on wealth. Zeno relies on *State v. Fischer*, 349 N.W.2d 16 (N.D.1984) and *State v. Carpenter*, 301 N.W.2d 106 (N.D.1980), which held that §§ 6–08–16 and 6–08–16.2, N.D.C.C., created a classification based on wealth by affording an issuer of an NSF check an opportunity to pay for an affirmative defense of payment, and that the classification based upon wealth constituted a denial of equal protection. However, as in *State v. Wilt*, 371 N.W.2d 159, 160 (N.D. 1985), Zeno has not shown that any of the criminal statutes applicable to writers of NSF checks are "being enforced against only those NSF checks writers who are unable to pay, because of indigency, as opposed to those who are simply unwilling to pay or unable to pay for reasons other than indigency. Consequently, [Zeno] has not met the heavy burden of proof necessary to demonstrate a constitutionally impermissible enforcement of a statute."

We have considered other issues raised and find them to be without merit.

We conclude that Zeno has not met his burden of establishing a basis for postconviction relief and that the district court

did not abuse its discretion in denying Zeno's petition.

Affirmed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and LEVINE, JJ., concur.