STATE of North Dakota, Plaintiff
and Appellee,

v.

Kyle Kenneth BELL, Defendant
and Appellant.

Cr. No. 950049.

Supreme Court of North Dakota.

Nov. 30, 1995.

Stephen R. Dawson, Assistant State's Attorney (argued), Fargo, for plaintiff and appellee.

Leslie D. Johnson (argued), Johnson Law Office, Fargo, for defendant and appellant.

NEUMANN, Justice.

Kyle Bell appeals from sentences imposed upon his pleas of guilty to two counts of gross sexual imposition and two counts of using a minor in a sexual performance. We affirm.

The charges stem from incidents of sexual contact between Bell, his eight-year-old daughter and his neighbor's three-year-old daughter. There was testimony that at the encounters Bell caused the girls to undress and also undressed them himself. During some encounters Bell was clothed, while during others he was not. There also was evidence indicating Bell tried to enter the home of two other young girls who lived near him.

Other evidence supporting the charges was recovered through a search warrant executed by police at Bell's home. Among the items recovered by police were photographs of the young girls depicting them in various stages of dress and suggestive positions, as well as clothing they were wearing in the photographs. The clothing, a black miniskirt and a pink fishnet top, did not belong to either girl.

Initially Bell was charged with four counts of gross sexual imposition and two counts of use of a minor in a sexual performance. On May 24, 1994, he failed to appear for his arraignment on these charges and also for trial of a previously-filed charge of criminal trespass. On September 15, 1994, Bell was again taken into custody.

Apparently as a result of negotiation, Bell ultimately was charged with and pleaded guilty to two counts of gross sexual imposition and two counts of use of a minor in a sexual performance, all class B felonies. According to the amended criminal judgment and commitment, Bell was sentenced to ten years imprisonment on each of the first three counts to be served consecutively. His sentence on the fourth count was suspended during five years of supervised probation, following his imprisonment on the first three counts. Bell now seeks to withdraw his guilty plea or alternatively to be resentenced.

■ "Withdrawal of a guilty plea is allowed when necessary to correct a manifest injustice." *State v. Zeno*, 490 N.W.2d 711, 713 (N.D.1992). The determination of "manifest injustice" lies within the trial court's discretion and will not be disturbed absent a showing the court abused its discretion. *Id.* "An abuse of discretion occurs when the court fails to exercise its discretion in the interests of justice." *Houle v. State*, 482 N.W.2d 24, 25 (N.D.1992). At Bell's sentencing hearing, the prosecution made the following statements:

"[T]he evidence, tells us something different, that this is what the defendant does. He searches out victims, he grooms victims, he is a predator. His prey are children, our community's children.

And our children demand that they be protected from him. The parents of our children demand that they be protected from him."

Bell argues the prosecution overstepped its bounds at sentencing by inciting passion and prejudice in the trial court. His argument appears to be based only on the fact that he received a sentence longer than he anticipated. He neither offers nor suggests any other basis to support his argument. We fail to find any abuse of discretion by the trial court supporting withdrawal of his guilty plea.

Alternatively, Bell seeks to be resentenced. He argues he was unfairly prejudiced by inflammatory remarks made by the prosecutor at sentencing and that the trial court erred when considering factors to support his sentence. We disagree with both arguments.

■ "Appellate review of a criminal sentence is confined to determining whether the judge acted within the limits prescribed by statute, or substantially relied on an impermissible factor." *State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990). Bell concedes he was sentenced "within the limits prescribed by statute," leaving only "substantial reli[ance] on an impermissible factor" as his basis for this appeal.

■ "A trial judge is ordinarily allowed the widest range of discretion in fixing a criminal sentence." *Id.* This court will vacate a trial judge's sentencing decision only if that judge "substantially relied on an impermissible factor in determining the severity of the sentence." *State v. Cummings*, 386 N.W.2d 468, 469 (N.D.1986). We also have recognized that "[d]espite [a trial judge's] broad latitude, there are constitutional limitations on what may be relied on in sentencing decisions." *Id.* Bell argues the statements made by the prosecution at his sentencing hearing characterizing him as a "predator" constitute an impermissible factor.

■ Rule 32, N.D.R.Crim.P., controls sentencing and judgments in criminal cases. Rule 32(a)(1) provides "[t]he prosecution must be given an opportunity to be heard on any matter material to the imposition of sentence." In this case, the evidence, specifically the photographs and the clothing, suggests Bell had planned and prepared for his encounters with the young girls. There was additional evidence indicating Bell tried to enter the home of two other young girls who lived near him. Such evidence certainly supports an inference that he was preying on young girls. The statements of which Bell complains were reasonable inferences based upon the evidence, not impermissible factors. The trial judge therefore did not substantially rely on impermissible factors, and we will not vacate the sentencing decision.

■ Bell also claims the trial court twice erred in considering the statutory factors supporting his sentence. N.D.C.C. § 12.1–32–04 (enumerating factors to be considered in sentencing decisions). He first argues, under subsection 14 of section 12.1–32–04, his guilty plea should have been considered "co-operation" with the authorities. While we have said "[i]t is impermissible to penalize a defendant for standing trial instead of pleading guilty," *State v. Hass*, 268 N.W.2d 456, 463 (N.D.1978), we have never said a guilty plea must be considered cooperation for sentencing purposes. Bell's argument is nonsensical, particularly in light of his earlier failure to appear. The trial court determined there was no cooperation by Bell. It did not err when it considered that factor in sentencing Bell.

Bell also complains the trial court erred in finding he had violated a position of trust because he was the father of one of the young girls. One of the sentencing factors under section 12.1–32–04 is "abuse [of] a public position of responsibility or trust." N.D.C.C. § 12.1–32–04(13). Bell argues the trust involved in the responsibility of parenting is not a public position and the trial court therefore erred by considering a factor not applicable to his sentencing.

■ Section 12.1–32–04 states that the enumerated factors are to be accorded weight in sentencing but are not to control the discretion of the court. The responsibility of a parent to his child, though perhaps not a "public position of trust" in one sense, is nevertheless a very real trust in which all of society has a deep and abiding interest. Parents are entrusted by our society with both the right and the responsibility to care for and raise their children. When that trust is grievously breached as it was in this case, such a breach is clearly an appropriate factor for consideration in sentencing. The trial court did not err in determining Bell's parental relationship with his daughter was a position of responsibility and trust which had been violated.

Affirmed.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.