2009 ND 42

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jesse Dean HENES, Defendant and Appellant.**

**No. 20080166.**

Supreme Court of North Dakota.

April 2, 2009.

Jonathan R. Byers, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for plaintiff and appellee.

Chad R. McCabe of the McCabe Law Firm, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1]   Henes appeals from an amended criminal judgment sentencing him to serve twenty years with the North Dakota Department of Corrections with fifteen years of the sentence suspended for five years. We affirm, concluding the district court did not err in relying on two uncounseled guilty verdicts when it sentenced Henes.

I

[¶ 2]   The State charged Henes with three counts of gross sexual imposition, class AA felonies, arising out of sexual encounters occurring on October 28, 2006, December 8, 2006, and December 13, 2006. The State and Henes presented a binding plea agreement to the district court, whereby the State would dismiss two of

the counts, reduce the third count to gross sexual imposition, a class A felony, and recommend a maximum sentence of twenty years, with fifteen years suspended. The agreement provided Henes could ask the district court for a lesser sentence.

[¶ 3] At sentencing, Henes argued the district court should suspend all twenty years of his sentence, order him to complete a sex offender treatment program, and order him to live at the Northland Mission Center. Henes introduced testimony from three witnesses: the sex offender program coordinator at the North Dakota State Penitentiary, the assistant director of the Northland Rescue Mission in Grand Forks, and the director of special education for the Peace Garden Consortium in Bottineau. Henes contended that sufficient checks were in place at the Northland Mission Center to ensure that he was adequately supervised. The State did not introduce any testimony, but argued that the district court should follow the sentence outlined in the plea agreement. The State argued Henes was a moderate to high risk sex offender and needed intensive sex offender treatment in a structured setting. The State asserted that, while the court could impose rules to govern Henes's conduct if the court did order a probationary sentence, Henes was not likely to follow those rules. The State argued Henes committed more than one mistake; he also violated the rules "which prohibited the criminal mischief and driving without liability insurance that he just got." The State argued Henes should serve the recommended sentence and presented certified copies of two criminal judgments of misdemeanor convictions for driving without liability insurance and criminal mischief. Henes did not object to the admission of this evidence. The court received the exhibits into evidence. Both convictions were obtained by a guilty verdict.

[¶ 4] When sentencing Henes, the court stated Henes was not starting with a clean slate, and stated it was troubled by Henes's sex offender assessments and his history of criminal activity. The court also stated,

> Although it might seem minor, I am troubled by the last two charges that came in. Driving without insurance is not a big deal, but on the other hand it's advised by three or four deputies that he shouldn't be doing it. And then the incident at the parking lot at Walmart, and I would think if there was ever a time that a person would be on his absolute best behavior, and no matter how arbitrary he might think a deputy is being saying you can't be driving that vehicle, when you're two weeks away from a sentencing on a class A felony I would think that you'd want to do anything to stay out of more trouble, and that just doesn't forfend well for a less than fully structured environment in the future to try and deal with the problems raised by these charges.

The court decided to conform to the binding plea agreement, and it sentenced Henes to twenty years with fifteen years suspended for a period of five years of supervised probation.

[¶ 5] Henes appeals, arguing the district court relied upon an impermissible factor to determine the severity of his sentence when it relied on the convictions for driving without liability insurance and criminal mischief.

II

[¶ 6] A district court is afforded wide discretion in sentencing. *State v. Hoverson*, 2006 ND 49, ¶ 34, 710 N.W.2d 890. This Court will vacate a district court's sentencing decision only if the court acted outside the limits prescribed

by statute or substantially relied on an impermissible factor in determining the severity of the sentence. *State v. Emery*, 2008 ND 3, ¶ 4, 743 N.W.2d 815.

[¶ 7] Henes argues the district court considered an impermissible factor at sentencing by considering his driving without liability insurance and criminal mischief convictions when it sentenced him. The State offered certified copies of the convictions into evidence at the sentencing hearing. Henes was given the opportunity to object to the admission of both exhibits. However, he stated he had no objection to the admission of either exhibit. Henes also did not raise this argument to the district court. Issues not raised to the district court will not be addressed for the first time on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b). *State v. Fehl–Haber*, 2007 ND 99, ¶ 12, 734 N.W.2d 770. Because Henes did not object when the convictions were admitted into the record, we review the district court's sentencing decision for obvious error.

[¶ 8] "This Court cautiously exercises its authority to notice obvious error and does so only in exceptional circumstances in which a party has suffered a serious injustice." *State v. Kautzman*, 2007 ND 133, ¶ 15, 738 N.W.2d 1. "To establish obvious error, the defendant must show: (1) error; (2) that is plain; and (3) affects substantial rights." *State v. Kruckenberg*, 2008 ND 212, ¶ 15, 758 N.W.2d 427.

[¶ 9] Here, Henes has not established the district court erred in considering his two misdemeanor convictions during sentencing. Henes argues the district court's sentencing decision violates our holding in *State v. Orr*, and the line of cases following *Orr*, holding a district court cannot rely on a prior uncounseled conviction to enhance a term of imprisonment for a subsequent offense.

[¶ 10] In *State v. Orr*, the defendant was charged with driving under the influence of intoxicating liquor. 375 N.W.2d 171, 173 (N.D.1985). The State moved to amend the complaint to allege that it was Orr's second DUI offense and he should be sentenced as a second DUI offender. *Id.* Orr argued that his prior DUI conviction should not be used as proof of a prior DUI conviction because he was not represented by an attorney in the earlier proceeding, nor was there evidence he had been advised of, and waived, his right to counsel. *Id.* The district court found Orr guilty of DUI and sentenced him as a second DUI offender. *Id.* On appeal, we concluded the district court should not have considered Orr's first DUI conviction when it sentenced him. *Id.* at 180. We held "absent a valid waiver of the right to counsel the resulting conviction cannot, under art. I, § 12, N.D. Const., be used to enhance a term of imprisonment for a subsequent offense." *Id.* at 178–79. Since *Orr*, we have consistently held a district court may not consider an uncounseled conviction to enhance a term of imprisonment for a subsequent offense. *See Emery*, 2008 ND 3, ¶ 8, 743 N.W.2d 815; *State v. Haverluk*, 432 N.W.2d 871, 874–75 (N.D.1988); *State v. Pitman*, 427 N.W.2d 337, 343 (N.D. 1988). All of these cases dealt with sentencing enhancements.

[¶ 11] In this case, Henes admits the district court did not enhance his sentence. A district court enhances a sentence when it increases a defendant's sentence beyond the statutory maximum sentence to another offense level or sentencing range, or under a mandatory sentencing provision because of a subsequent offense. *See* N.D.C.C. § 39–08–01(2); N.D.C.C. § 12.1–27.2–04.2; N.D.C.C. § 12.1–32–09. Although Henes concedes the district court

did not enhance his sentence, he argues this Court should extend *Orr* and its progeny to cases in which a district court seeks to exercise its discretion in considering the defendant's background. Henes contends we extended *Orr* to non-sentencing enhancement cases in *State v. Hoverson.* We disagree.

[¶ 12] In *State v. Hoverson,* the district court considered evidence presented during trial that Hoverson was engaging in an ongoing enterprise of selling drugs. 2006 ND 49, ¶ 38, 710 N.W.2d 890. During sentencing, the district court took into account such evidence when it ordered Hoverson to pay restitution. *Id.* We held the district court did not rely on an impermissible factor when it considered evidence during sentencing that Hoverson engaged in an ongoing drug enterprise. *Id.* Hoverson argued the district court relied upon unproven conduct, which he contended was similar to a pending criminal charge or an uncounseled guilty plea. *Id.* We disagreed with his argument and distinguished the facts of *Hoverson* from *State v. Orr.* We held it was not a sentence enhancement case like *Orr,* and explained, "[t]he issue in *Orr* was not whether the sentencing court relied upon an impermissible factor in sentencing the defendant within the statutory limits, but whether the statutory limits were enhanced based upon a prior uncounseled conviction." *Id.* at ¶ 36. In *Hoverson,* we concluded the court appropriately relied on evidence from trial as the basis for its inferences, and considered the sentencing factors that are listed in N.D.C.C. § 12.1–32–04. *Hoverson,* at ¶ 42. The court did not impermissibly consider a sentencing factor, and we did not extend *Orr* to cases that do not involve sentencing enhancements. We again decline to extend the holding of *Orr* to non-sentence enhancement cases and conclude the district court did not err in considering his two prior misdemeanor convictions during

sentencing. Because Henes has not established the district court erred, we need not consider whether the error was plain or affected his substantial rights. Henes has not established obvious error.

[¶ 13] Furthermore, a district court has discretion to consider the sentencing factors provided in N.D.C.C. § 12.1–32–04. Factor seven provides a district court can consider that "[t]he defendant has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial period of time before the commission of the present offense." N.D.C.C. § 12.1–32–04(7). Factor nine provides a district court can consider that "[t]he character, history, and attitudes of the defendant indicate that he is unlikely to commit another crime." N.D.C.C. § 12.1–32–04(9). The district court considered Henes's criminal history, found he had committed new crimes within two weeks of his sentencing hearing, and concluded he had difficulties following the law. These findings were supported by the evidence, and the district court did not abuse its discretion in denying Henes's request for a deviation from the plea agreement.

[¶ 14] Finally, the State and Henes presented the district court a binding plea agreement. We explained the nature of a binding plea agreement in *Peltier v. State,* 2003 ND 27, ¶ 10, 657 N.W.2d 238 (citation omitted):

> When presented with a binding plea agreement, the court is limited to three options: the court may accept the agreement, reject the agreement, or defer its decision until receipt of a presentence report. If the court accepts a binding plea agreement, the court may not impose a sentence less favorable than the sentence provided for in the plea agreement.

In this case, the binding plea agreement provided the court would sentence Henes to twenty years in prison with fifteen years suspended for a period of five years of supervised probation. The district court sentenced Henes according to the terms of the plea agreement. The plea agreement provided Henes could ask for a lesser sentence. The district court did not agree Henes should receive a lesser sentence. The court did not abuse its discretion in following the plea agreement when it sentenced Henes.

### III

[¶ 15] Therefore, we conclude the district court did not err in relying on two uncounseled guilty verdicts when it sentenced Henes, and we affirm the amended criminal judgment.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.