Filed 7/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 143

State of North Dakota, Plaintiff and Appellee

v.

Garron William Gonzalez, Defendant and Appellant

No. 20110051

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Jacob T. Rodenbiker, Assistant State’s Attorney, 514 E. Thayer Avenue, Bismarck, N.D. 58501, for plaintiff and appellee.

Kent M. Morrow, P.O. Box 2155, Bismarck, N.D. 58502-2155, for defendant and appellant.

State v. Gonzalez

No. 20110051

Maring, Justice.

[¶1] Garron Gonzalez appeals from a second amended criminal judgment and order revoking his probation and resentencing him to twenty years’ imprisonment on each of two counts of gross sexual imposition, to run consecutively.  We affirm, concluding the trial court did not rely on an impermissible factor in imposing Gonzalez’s sentence.

I

[¶2] In January 2004, Gonzalez pleaded guilty to two counts of gross sexual imposition, both class A felonies.  The trial court sentenced Gonzalez to five years’ imprisonment, with all but 130 days suspended, and placed him on a supervised probation for a period of five years, subject to certain probationary rules and conditions.  

[¶3] In November 2004, the State petitioned the trial court to revoke Gonzalez’s probation, alleging he had violated some of his probationary conditions.  The trial court held a revocation hearing in February 2005 at which Gonzalez admitted to violating his probationary conditions by consuming marijuana, being terminated from sex offender treatment, failing to pay supervision and court fees, and failing to register as a sex offender.  Additionally, the trial court found Gonzalez possessed sexually stimulating material and committed the offense of driving under suspension, both in violation of his conditions of probation.  The trial court issued a criminal judgment and order, revoking Gonzalez’s probation and resentencing him to five years’ imprisonment on each count, to run concurrently, with all but thirty months suspended, and with credit given for time served.  Following his release from prison, Gonzalez was placed on a supervised probation for a period of five years, subject to certain probationary rules and conditions.

[¶4] In December 2010, the State again filed a petition for revocation of probation, alleging Gonzalez violated the conditions of his probation by having contact with nine minor females through his Facebook account, possessing sexually stimulating material on his cellular phone, and committing the offense of gross sexual imposition.  The trial court held a revocation hearing in February 2011.  At the hearing, Gonzalez admitted to the allegations of having contact with minor females and possessing sexually stimulating material, and the State dismissed the gross sexual imposition allegation.  Gonzalez called his probation officer as his witness.  The probation officer testified Gonzalez had contact with nine minor females through his Facebook account, communicated with some of the nine minor females via text messaging, asking them for pictures of their feet, had nude pictures of one of the minor females on his cellular phone, and met another minor female in person on five different occasions.  In its closing remarks, the State described Gonzalez as a predator and recommended the trial court resentence Gonzalez to the maximum twenty years’ imprisonment on each count, to run concurrently.  

[¶5] The trial court found that while Gonzalez’s actions have not “yet risen to the level of actual sexual contact or sexual assault,” Gonzalez had exhibited predatory behavior, which warrants a revocation of probation.  The trial court further found Gonzalez took steps to conceal his activity and his status as a sex offender by using his middle rather than his first name and by misrepresenting his age to at least one of the minor females with whom he had contact.  Based on Gonzalez’s conduct and the fact this was his second revocation hearing, the trial court concluded Gonzalez was a dangerous person and resentenced him to twenty years’ imprisonment on each count, to run consecutively, with credit given for time served.

II

[¶6] A trial court has  broad discretion in fixing a criminal sentence.  
State v. Henes
, 2009 ND 42, ¶ 6, 763 N.W.2d 502.  Within this discretion also lies a trial court’s authority to decide whether a sentence should run concurrently or consecutively.  
State v. Salveson
, 2006 ND 169, ¶ 4, 719 N.W.2d 747; 
but see
 N.D.C.C. § 12.1-32-11(3) (limiting a trial court’s authority to impose consecutive sentences for multiple misdemeanor convictions).  We have repeatedly held we have “no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute.”  
State v. Loh
, 2010 ND 66, ¶ 19, 780 N.W.2d 719.  Rather, our review of a criminal sentence is generally confined to whether the trial court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor.  
Id.
  Thus, we will vacate a trial court’s sentencing decision only if the trial court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence.  
Henes
, at ¶ 6.

[¶7] Gonzalez argues the trial court substantially relied on an impermissible factor at sentencing by considering his likelihood to re-offend sexually, which Gonzalez asserts is not one of the factors listed under N.D.C.C. § 12.1-32-04.  

[¶8] Section 12.1-32-04, N.D.C.C., lists a number of factors a trial court must consider in sentencing a criminal defendant to imprisonment.  Although entitled to consideration, these sentencing factors do not control the trial court’s discretion.  N.D.C.C. § 12.1-32-04; 
State v. Steinbach
, 1998 ND 18, ¶ 24, 575 N.W.2d 193.  Moreover, we have stated a trial court need not explicitly reference the factors listed under N.D.C.C. § 12.1-32-04 and have explained the factors do not constitute an exclusive list of all a trial court may consider in fixing a criminal sentence.  
State v. Halton
, 535 N.W.2d 734, 739 n.1 (N.D. 1995) (no need for an explicit reference);  
Steinbach
, at ¶ 24 (not an exclusive list). 

[¶9] Section 12.1-32-04, N.D.C.C., provides:

The following factors, or the converse thereof where appropriate, while not controlling the discretion of the court, shall be accorded weight in making determinations regarding the desirability of sentencing an offender to imprisonment:

. . .

8. The defendant’s conduct was the result of circumstances unlikely to recur. 

9. The character, history, and attitudes of the defendant indicate that he is unlikely to commit another crime.

10. The defendant is particularly likely to respond affirmatively to probationary treatment.

[¶10] We conclude the trial court’s reliance on Gonzalez’s likelihood to re-offend sexually falls within the converse of statutory factors (8) and (9).  In essence, by considering Gonzalez’s predatory behavior and the danger he poses to society, the trial court considered whether Gonzalez’s conduct was the result of circumstances likely to recur and whether he was likely to commit another crime.  
See
 N.D.C.C. § 12.1-32-04(8)-(9).  The trial court found Gonzalez engaged in grooming behavior that would have inevitably risen to the level of actual sexual contact or sexual assault, effectively concluding Gonzalez’s past sexual offenses are the result of circumstances likely to recur and Gonzalez’s character, history, and attitudes indicate he is likely to commit another crime.  
See
 
id.
  Additionally, the trial court noted Gonzalez’s probation has been revoked once before, suggesting he is not particularly likely to respond affirmatively to probationary treatment.  
See
 N.D.C.C. § 12.1-32-04(10).  Therefore, contrary to Gonzalez’s assertion, the trial court’s reliance on Gonzalez’s likelihood to  re-offend sexually stems from the factors listed under N.D.C.C. § 12.1-

32-04. 

[¶11] Gonzalez admitted to having contact with nine minor females and to possessing sexually stimulating material on his cellular phone, in violation of his probationary conditions.  Further, Gonzalez has failed to show how the trial court’s consideration of his predatory conduct and likelihood to re-offend sexually falls within one of the sentencing factors recognized as impermissible under our case law. 
See, e.g.
, 
Halton
, 535 N.W.2d at 738 (stating a defendant’s race is a constitutionally impermissible factor in sentencing).  The trial court relied on evidence in the record and made reasonable inferences based on that evidence.  
See
 
State v. Bell
, 540 N.W.2d 599, 601 (N.D. 1995).  Accordingly, we conclude the trial court did not substantially rely on an impermissible factor in resentencing Gonzalez to twenty years’ imprisonment on each count, to run consecutively.  Gonzalez’s sentence is within the range authorized by statute.  
See
 N.D.C.C. § 12.1-20-03(3)(a)-(b) (explaining the circumstances under which the offense of gross sexual imposition is a class A felony); N.D.C.C. § 12.1-32-01(2) (setting the maximum penalty for a class A felony to twenty years’ imprisonment)
.  We decline to vacate a trial court’s sentencing decision that is within the statutorily prescribed limits, absent evidence the trial court substantially relied on an impermissible factor.  
Henes
, 2009 ND 42, ¶ 6, 763 N.W.2d 502 (holding this Court will only vacate a sentence when the trial court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence).  

III

[¶12] We affirm the trial court’s second amended criminal judgment and order, revoking Gonzalez’s probation and resentencing him to twenty years’ imprisonment on each of two counts of gross sexual imposition, to run consecutively.  

[¶13] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.