Corrected Opinion Filed 01/14/21 by Clerk of the Supreme Court

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 4

State of North Dakota,                                            Plaintiff and Appellee

      v.

Megan Lynn Evanson,                                Defendant and Appellant

### Nos. 20200056 & 20200057

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Seymour R. Jordan, State's Attorney, Crosby, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Megan Lynn Evanson appeals from the criminal judgments imposed in two consolidated cases.  Evanson argues the district court's consideration of her prior criminal convictions constituted substantial reliance on an impermissible factor, rendering her sentence illegal.  We affirm.

I

[¶2]   Evanson and her husband were involved in the theft of a catalytic converter from a truck and several tools from two different individuals.  In the first case, Evanson was charged with criminal trespass, a class B misdemeanor, criminal mischief, a class B misdemeanor, and theft, a class A misdemeanor.  In the second case, Evanson was charged with burglary, a class C felony, and theft, a class C felony.  These cases were consolidated on appeal.

[¶3]   On October 11, 2019, Evanson entered not guilty pleas in both cases.  Evanson changed her pleas to guilty on February 21, 2020, and was sentenced in both cases that same day.  At the sentencing hearing, the State read Evanson's criminal history to the district court and Evanson made no objection.  In the first case, Evanson was sentenced to 19 days with 19 days' credit for time served.  In the second case, Evanson was sentenced to 11 months in custody with all but 19 days suspended, with 18 months of supervised probation, credit for 19 days previously served, and fines to be paid by September 30, 2020.  Evanson filed her notice of appeal on February 28, 2020.

II

[¶4]    On appeal, Evanson argues the district court improperly considered her prior convictions at sentencing without knowing whether the convictions were counseled.  Evanson asserts her criminal history should not have been considered as a factor in sentencing because the State did not inform the court whether her prior convictions were uncounseled and without proper waiver.  Evanson argues this constituted reliance on an impermissible factor, rendering

1

her sentence illegal. Evanson did not object to the introduction of her prior convictions at the change of plea and sentencing hearing.

[¶5] This Court's review of a sentence is generally confined to whether the district court acted within the statutory sentencing limits or substantially relied on an impermissible factor. *State v. Gonzalez,* 2011 ND 143, ¶ 6, 799 N.W.2d 402. A trial judge is allowed the widest range of discretion in determining the appropriate criminal sentence. *State v. Corman*, 2009 ND 85, ¶ 15, 765 N.W.2d 530. This Court has no power to review the discretion of the sentencing court when the term of imprisonment is within the range authorized by statute. *Gonzalez,* at ¶ 6.

[¶6] There is no question that Evanson's sentence was within the statutory parameters. Evanson pleaded guilty to two class C felonies, two class B misdemeanors, and one class A misdemeanor. Under N.D.C.C. § 12.1-32-01, Evanson could have been sentenced to a maximum of over 11 years of incarceration. Instead, Evanson was sentenced to 11 months of incarceration, with all but 19 days suspended, and credit for 19 days of time served. Evanson's sentence was below the statutory maximum and within statutory limits. The dispositive issue on appeal is whether the district court substantially relied on an impermissible factor in determining Evanson's sentence. However, before we review the issue, we must determine whether the issue was preserved for appellate review and the appropriate standard of review.

[¶7] This Court recently stated in *State v. Thomas*, "an objection is unnecessary to preserve a claim of illegal sentence imposed in a criminal judgment from which an appeal may be immediately taken." 2020 ND 30, ¶ 16, 938 N.W.2d 897. Claims of procedural error regarding a sentence may be waived by a failure to object, but an appeal may be taken from a sentence not authorized by law without an objection or motion at the district court. *See Id.* In *Thomas*, this Court relied on *People v. Valtakis,* 130 Cal. Rptr. 2d 133, 136 (Cal. Ct. App. 2003), to describe the difference between the two types of errors. As noted in *Valtakis,* a defendant waives claims of procedural error in the manner of sentencing by failing to object. *Id.* at 137 ("In essence, claims

2

deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner."). Our holding in *Thomas* clarifies that a defendant need not object or make a motion to preserve the issue of an illegal sentence, meaning one that could not lawfully be imposed in that case under any circumstances. *Thomas*, at ¶ 16. *See United States v. Sims*, No. 92 CR 166, 2014 WL 11395175, at *2 (N.D. Ill. Sept. 19, 2014) (discussing the difference between an illegal sentence and one that is imposed in an illegal manner under Fed.R.Crim.P. 35).

[¶8] In *State v. Orr*, this Court determined that a sentencing court that relied on a defendant's prior uncounseled conviction to enhance their term of incarceration violated the defendant's substantive right to counsel under the North Dakota Constitution. 375 N.W.2d 171, 178 (N.D. 1985). In *Orr*, this Court stated that prior uncounseled convictions were unreliable and that a defendant would "'suffer anew' the deprivation of his right to counsel if he were subsequently imprisoned solely because of the previous uncounseled conviction.'" *Id.* This Court held, "absent a valid waiver of the right to counsel the resulting [uncounseled] conviction cannot, under art. I, § 12, N.D. Const., be used to enhance a term of imprisonment for a subsequent offense." *Id.* at 178-79. Therefore, under *Orr*, an error in considering a defendant's prior uncounseled conviction is substantive if it is used to enhance the defendant's term of incarceration, which violates the defendant's right to counsel. "A district court enhances a sentence when it increases a defendant's sentence beyond the statutory maximum sentence to another offense level or sentencing range, or under a mandatory sentencing provision because of a subsequent offense." *State v. Henes*, 2009 ND 42, ¶ 11, 763 N.W.2d 502 (statutory citations omitted).

[¶9] Applying *Henes,* Evanson's prior convictions were not relied upon to enhance her term of incarceration. If the district court erred in considering Evanson's prior convictions, the error was procedural in applying the sentencing factors provided in N.D.C.C. § 12.1-32-04, and our holding in *Henes* applies. 2009 ND 42, ¶¶ 7-11. In *Henes*, the defendant failed to object to the introduction of two prior uncounseled guilty verdicts. *Id.* As in Evanson's case, these guilty verdicts were not used to enhance the defendant's term of

3

incarceration. *Id.* This Court held obvious error was the appropriate standard of review because no objection was made at the district court when prior uncounseled convictions were admitted into the record. *Id.* at ¶ 7. "An obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention." N.D.R.Crim.P. 52(b). Because Evanson failed to object to her prior convictions, obvious error is the appropriate standard of review.

[¶10] Evanson has not argued obvious error on appeal. When a party fails to argue obvious error this Court has discretion whether to consider the issue. *State v. Smith,* 2019 ND 239, ¶ 15, 934 N.W.2d. 1. In exercising our discretion, we will address Evanson's argument under obvious error.

[¶11] Under obvious error review, the burden falls on the appellant to establish obvious error by showing: (1) error, (2) that is plain, and (3) that affects substantial rights. *State v. Doppler*, 2013 ND 54, ¶ 14, 828 N.W.2d 502 (citing *State v. Doll*, 2012 ND 32, ¶ 11, 812 N.W.2d 381). "To affect substantial rights, a plain error must have been prejudicial, or have affected the outcome of the proceeding." *State v. Wegley*, 2008 ND 4, ¶ 14, 744 N.W.2d 284. The first inquiry under the framework for obvious error is whether an error occurred. *See State v. Thompson*, 2010 ND 10, ¶ 26, 777 N.W.2d 617.

[¶12] Evanson's argument fails under obvious error review because she cannot establish that an error occurred. There has been no showing by Evanson that the prior convictions were, in fact, uncounseled. Therefore, Evanson has not shown the district court abused its discretion in applying the sentencing factors in an illegal manner. Rather, criminal history is a factor that a trial judge should consider in determining the proper sentence. *State v. Woehlhoff*, 473 N.W.2d 446, 450 (N.D. 1991); N.D.C.C. § 12.1-32-04(7). This Court has long held that prior uncounseled convictions are impermissible sentencing factors only within the narrow context of enhancing a defendant's term of incarceration. *See, e.g., Orr*, 375 N.W.2d 171. This Court has also held prior uncounseled convictions are permissible discretionary sentencing factors in cases where the convictions were not relied upon to enhance a term of incarceration, stating:

4

[A] district court has discretion to consider the sentencing factors provided in N.D.C.C. § 12.1-32-04. Factor seven provides a district court can consider that "[t]he defendant has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial period of time before the commission of the present offense." N.D.C.C. § 12.1-32-04(7). Factor nine provides a district court can consider that "[t]he character, history, and attitudes of the defendant indicate that he is unlikely to commit another crime." N.D.C.C. § 12.1-32-04(9). The district court considered Henes's criminal history, found he had committed new crimes within two weeks of his sentencing hearing, and concluded he had difficulties following the law. These findings were supported by the evidence, and the district court did not abuse its discretion in denying Henes's request for a deviation from the plea agreement.

*Henes*, 2009 ND 42, ¶ 13. Accordingly, this Court held the district court did not err in relying on two uncounseled guilty convictions when it sentenced the defendant in *Henes*. *Id.* at ¶ 15.

[¶13] Evanson has not established obvious error. Based on this record, her prior convictions were properly considered by the district court as her criminal history, and as one of many sentencing factors under N.D.C.C. § 12.1-32-04.

### III

[¶14] We conclude the district court did not err by considering Evanson's prior convictions as part of her criminal history at sentencing, and we affirm the judgments.

[¶15] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte