# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 246

State of North Dakota,                                                 Plaintiff and Appellee

v.

Mathew Nelson,                                                      Defendant and Appellant

## Nos. 20230234 & 20230235

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Nathan K. Madden, Special Assistant State's Attorney, Williston, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**State v. Nelson**
**Nos. 20230234 & 20230235**

**Jensen, Chief Justice.**

[¶1]   Mathew Nelson appeals from the criminal judgments imposed in two consolidated cases. Nelson argues the district court relied on impermissible factors rendering his sentence illegal and that his sentence constituted cruel and unusual punishment. We affirm.

I

[¶2]   In the first case, Nelson was charged with sexual assault, a class A misdemeanor, and five counts of gross sexual imposition, class A felonies. In the second case, Nelson was charged with gross sexual imposition, a class A felony, and corruption of a minor, a class C felony. These cases were consolidated on appeal.

[¶3]   On October 6, 2022, Nelson entered guilty pleas in both cases. The district court ordered a presentence investigation and psychosexual evaluation prior to sentencing. At the sentencing hearing, the court acknowledged it reviewed the file, heard arguments from the parties, and allowed statements from the child victims and their families. After pronouncing the sentence, the district court stated, "This is some of the most disturbing conduct I've seen in my ten years on the bench. The swath of destruction you have created is massive. I doubt I've seen the tip of the iceberg of the damage that has been caused." Nelson challenges the imposition of twenty years' imprisonment on each of six counts of gross sexual imposition, to run consecutively.

II

[¶4]   Nelson argues the district court improperly considered arguments that Nelson was unable to control his behavior and relied on hypothetical harm to the victims that was not presented to the court by any party. Nelson further asserts the court based its sentencing decision on the subjective bias of the court arising from prior cases heard by the sentencing judge, not on the similarly situated defendants across the State and their sentences. Nelson

argues this constituted reliance on impermissible factors, rendering his sentence illegal.

[¶5] This Court's review of a sentence is generally confined to whether the district court acted within the statutory sentencing limits or substantially relied on an impermissible factor. *State v. Gonzalez,* 2011 ND 143, ¶ 6, 799 N.W.2d 402. A trial judge is allowed the widest range of discretion in determining the appropriate criminal sentence. *State v. Corman*, 2009 ND 85, ¶ 15, 765 N.W.2d 530. Within this discretion also lies a trial court's authority to decide whether a sentence should run concurrently or consecutively. *State v. Salveson*, 2006 ND 169, ¶ 4, 719 N.W.2d 747.

[¶6] Nelson's sentence was within the statutory parameters and this Court exercises a limited review of the discretion of the sentencing court when the term of imprisonment is within the range authorized by statute. *Gonzalez,* 2011 ND 143, ¶ 6. "This Court will vacate a district court's sentencing decision only if the court . . . substantially relied on an impermissible factor in determining the severity of the sentence." *State v. Henes,* 2009 ND 42, ¶ 6, 763 N.W.2d 502.

[¶7] A district court has discretion to consider the sentencing factors provided in N.D.C.C. § 12.1-32-04. *Henes*, 2009 ND 42, ¶ 13. Although entitled to consideration, these sentencing factors do not control the trial court's discretion. N.D.C.C. § 12.1-32-04; *State v. Steinbach,* 1998 ND 18, ¶ 24, 575 N.W.2d 193. Moreover, this Court has stated a trial court need not explicitly reference the factors listed under N.D.C.C. § 12.1-32-04 and has explained the factors do not constitute an exclusive list of all a trial court may consider in fixing a criminal sentence. *State v. Halton,* 535 N.W.2d 734, 739 n.1 (N.D. 1995) (no need for an explicit reference); *Steinbach,* at ¶ 24 (not an exclusive list).

[¶8] Nelson argues the district court impermissibly relied on the State's argument that Nelson was unable to control his behavior. In this case, the evidence, specifically the significant concern of impulsivity noted by the presentence investigator, the high rate of recidivism assigned to Nelson, Nelson coercing the children not to tell, Nelson employing threats to keep the

children compliant, and taking steps to protect himself from being discovered, suggests Nelson is unable to control his behavior and this conduct falls squarely within N.D.C.C. § 12.1-32-04(8), (9). There is evidence in the record to support the court's consideration of whether Nelson would be able to control his behavior when the court considered the length of Nelson's sentence. The court's consideration of Nelson's ability to control his behavior was appropriate in imposing Nelson's sentence.

[¶9] Nelson also argues the district court impermissibly relied on the hypothetical harm that the victims will suffer in the future. Prior to imposing a sentence, the court heard from the victims and their families who spoke to the harm they each have experienced and continue to experience. The future harm caused by the defendant's conduct is a permissible sentencing factor to consider. *See* N.D.C.C. § 12.1-32-04(1).

[¶10] Nelson also claims the district court based its sentencing decision on a subjective bias because the sentencing judge commented that this case was one of the worst the court has seen. Nelson has not provided a legal argument to support his contention that the district court, in making that statement, relied on an impermissible factor in sentencing him. We conclude the court's comment regarding Nelson's case as it compared to other cases handled by the court was not a reliance on an impermissible factor in imposing Nelson's sentence.

III

[¶11] Nelson argues his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and article I, § 11 of the North Dakota Constitution, because a sentence greater than 100 years has never been imposed in North Dakota.

[¶12] Nelson did not explain how the district court violated his Eighth Amendment rights or the North Dakota Constitution, and we need not address this issue further. *State v. Bachmeier,* 2007 ND 42, ¶ 10, 729 N.W.2d 141 (We do not consider arguments that are not adequately articulated, supported, and briefed.).

# IV

[¶13] The district court did not rely on impermissible factors when imposing Nelson's sentence and Nelson failed to adequately articulate, support, and brief his argument that his sentence constituted cruel and unusual punishment. We affirm the district court's criminal judgments.

[¶14] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr